UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIEL LEE BECKLEY | CIVIL ACTION |
| VERSUS | NO. 22-860 |
| WARDEN TIM HOOPER | SECTION "I" (2) |

**O R D E R**

Petitioner Daniel Lee Beckley filed a Motion for Stay of Proceedings asserting that he needs additional time, or 120 days, to prepare a memorandum in support of his federal petition for habeas corpus relief brought under 28 U.S.C. § 2254. ECF No. 2. He claims that, after finality of his conviction in 2019, he was met with delays and difficulty in accessing the law library in 2020 due to COVID-19. *Id*. at 1-2. He has now exhausted state post-conviction review and filed his federal petition to suspend the statute of limitations. *Id*. at 2. He requests that the court "stay" his federal petition until he can prepare and file a memorandum in support.

Although captioned as a motion for a stay, Beckley is actually seeking an extension of time to supplement his petition with a memorandum in support. A stay would not be appropriate in this case because Beckley presents the same claims to this court for which he has already exhausted state court review.[1] The court can allow Beckley additional time to present his best case by filing a memorandum in support of his petition. However, Beckley is reminded that he is limited to review in this court of the same arguments and claims he has exhausted. Included in the 1204 pages of exhibits submitted with his petition are copies of four briefs filed by Beckley in the state courts which address the same 28 claims for relief presented here. He therefore does not require

---

[1] *See Pliler v. Ford*, 542 U.S. 225, 230-31 (2004) (stay-and-abeyance is possible for "mixed petitions" containing both exhausted and unexhausted claims.); *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (stay-and-abeyance "should be available only in limited circumstances," and upon showing of "good cause" for failure to timely exhaust.)

extensive time to reformat his prior arguments into a memorandum for this court's review. I will allow Beckley time to file a memorandum in support, but I will limit the time for doing so and after reviewing the state court briefs, I also will limit the length of the memorandum.[2] Upon receipt of his memorandum, or the passing of the deadline for him to do so, the Court will issue a briefing order to the respondent. Accordingly,

**IT IS ORDERED** that petitioner Daniel Beckley's Motion for Stay of Proceedings is **DENIED** in part as a stay is not warranted in this case.

**IT IS FURTHER ORDERED** that Beckley's Motion for Stay of Proceedings is **GRANTED** in part to the extent it is construed as seeking an extension of time to file a memorandum in support of his federal petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED** that Beckley is **GRANTED** sixty (60) days from this date, through Monday, June 20, 2022, to file a memorandum in support of his federal petition, and Beckley's memorandum **SHALL** not exceed 50 letter-sized pages.

New Orleans, Louisiana, this  20th  day of April, 2022.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[2] Based on the exhibits submitted by Beckley, his state courts briefs ranged from 24 pages to 78 pages of substantive argument, the longer being his initial trial court brief. ECF No. 4-1, at 29- 98; *Id*. at 113-191; ECF No. 4-2, at 14-30; *id*. at 38-62.